RIVERA, PLAINTIFF AND APPELLEE, *v.* MARTÍNEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action for Damages.

No. 2067.—Decided June 27, 1919.

APPEAL—STATEMENT OF CASE—BILL OF EXCEPTIONS—NEGLIGENCE.—The appellant moved to be allowed to present an amended statement of the case and bill of exceptions after the expiration of more than a year from the date when the court ordered the original statement of the case to be reformed and granted the appellant ten days for presenting a new one. *Held:* That the appellant was negligent in the prosecution of his appeal and was not excused by the fact that he expected to be heard in the appeal taken at the same time by his adversary to the Supreme Court.

ID.—TRANSCRIPT.—When the transcript of the record is not filed in due time the appeal will be dismissed.

The facts are stated in the opinion.

*Mr. Víctor P. Martínez* for the appellant.

*Mr. Luis Llorens Torres* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

After a number of previous continuances the District Court of Aguadilla set the 20th of December, 1917, for hearing the question of the approval of a statement of the case and a bill of exceptions. Both parties appeared on that day and in response to a motion of the appellee the case was continued again to December 22nd. The action of the court in continuing the case for two days more at the instance of the appellee could not be considered an abuse of discretion even if the appellee's excuses had not been well taken, and especially is this so in the absence of a showing of how the appellant was prejudiced.

On the day set for a hearing, namely, December 22, 1917, the appellant, although duly notified, did not appear and the court entered an order wherein it was recited that the appellee asked that the statement of the case and bill of exceptions be reformed, as it was not in accord with the stenographer's notes, and granting the appellant ten days to make a new bill of exceptions and statement of the case. The appellant was duly notified of this order, as the record shows, but he did nothing to comply with it. The appellee has moved to dismiss the appeal.

The appellant, after frivolously objecting that the order of December 22 bears no signature, insists that it was the duty of the appellee to present amendments to the statement and bill and notify them to the appellant. It was, however, the duty of the appellant to be present at the hearing of December 22, 1917. The presumption arises that the appellee was able to show the court that the statement of the case and bill of exceptions was not a faithful transcript of the testimony of the witnesses at the trial and that the paper was so defective that it was the duty of the appellant to prepare another. The order, it is true, merely recites in effect that the statement of the case and bill of exceptions does

not conform to the stenographer's notes, but presumably the stenographer's notes were before the court. Independently of the notes, the court would presumptively know whether the statement of the case and bill of exceptions was so defective as to require a new one to be filed.

We have said that from the 22nd of December, 1917, the appellant did nothing to speed the case. On the 28th day of December, 1918, however, the appellant filed a motion in the district court to be allowed to present an amended statement of the case and bill of exceptions, which motion the court denied on account of the neglect of the appellant and because the record showed that the appellant had relied on being heard in the appeal presented by his adversary in this court and had presented arguments in that appeal, and this court had taken such arguments into consideration.

It is evident that he did nothing to speed his own appeal because he relied on the counter-appeal of his adversary. Legally, however, there was a failure to prosecute his appeal, a duty incumbent on appellants, and the court below was justified in refusing permission to file a new statement of the case and bill of exceptions.

The transcript of the record not having been filed in time, the appeal must be

*Dismissed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.